IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BILLIE ASHLOCK,                    ) | |
|           ) | |
|     **Plaintiff,**     ) | |
|           )  | CIVIL ACTION |
| v.         ) | |
|           ) | No. 15-1180-JWL |
| CAROLYN W. COLVIN,        ) | |
| Acting Commissioner of Social Security,  ) | |
|           ) | |
|     **Defendant.**    ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

**I.**  **Background**

Plaintiff applied for DIB and SSI benefits, alleging disability beginning January 1, 1984. (R. 12, 156, 161). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He argues that the ALJ

erred both in evaluating the opinion of Dr. Whisman, the non-treating psychologist who examined him and prepared a report of that examination for the agency, and in failing to include functional limitations in the residual functional capacity (RFC) which reflect Plaintiff's ability to persist at tasks.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court considers each allegation and finds no error in the ALJ's decision.

**II.     Evaluation of the Medical Opinions**

**A.     Arguments**

Plaintiff claims the ALJ failed to weigh, or state in the decision the weight she assigned to, the opinion of Dr. Whisman.  He argues that Dr. Whisman opined that Plaintiff could understand and remember instructions and sustain concentration and persistence in simple tasks, but the ALJ found Plaintiff able to understand and remember intermediate visually presented instructions and simple oral instructions; and that Dr. Whisman opined that Plaintiff was limited to a socially restricted environment, whereas the ALJ found that Plaintiff is able to interact with others when he understands the communication and expectations.  (Pl. Br. 6).  Plaintiff argues that the ALJ's assessment is different that Dr. Whisman's opinion but that the ALJ failed to provide any explanation for discounting some of Dr. Whisman's limitations, and thereby violated the command of Social Security Ruling (SSR) 96-8p to explain why a medical opinion that conflicts with the RFC assessment was not adopted.  Id.  He argues that instead of "weighing Dr. Whisman's opinion, the ALJ gave 'significant weight' to and adopted the opinions of the non-examining State [sic] agency consultants."  Id. at 7 (emphasis added).

In her Response Brief, the Commissioner summarizes Dr. Whisman's report of his examination of Plaintiff, and points out that the only medical evidence in the administrative record is Dr. Whisman's report and the Case Analysis form signed by Dr. Schulman indicating that he had performed reconsideration duties in evaluating Plaintiff's condition. (Comm'r Br. 3-4). She then argues that the ALJ "<u>explicitly stated</u> that she gave the opinion 'significant weight'" and "did not 'fail to weigh' Dr. Whisman's opinion as Plaintiff . . . claims." <u>Id.</u> at 5 (citing R. 19). She argues that because the ALJ did not afford controlling weight to Dr. Whisman's opinion she "was not required to adopt all of the contours of the opinion." <u>Id.</u> She argues that the ALJ also considered the opinions of the state agency psychologists who examined the medical record (Dr. Whisman's report), Dr. Sutton and Dr. Schulman. <u>Id.</u> She notes that the ALJ gave these opinions significant weight, and argues that the ALJ's RFC assessment "is largely in line with" both Dr. Whisman's opinion and with these opinions. <u>Id.</u> at 6. Finally, she argues that Plaintiff does not point to "any evidence that he was more limited than the ALJ found." <u>Id.</u> at 7.

In his Reply Brief, Plaintiff argues once again that the ALJ did not accord any weight to Dr. Whisman's opinion, and that when she stated that she had accorded significant weight to "[t]his assessment," she was "referring to the State [sic] agency opinion." (Reply 1). He argues that the Commissioner did not explain how the ALJ's RFC is consistent with Dr. Whisman's limitations which were different than the ALJ's RFC. <u>Id.</u> at 2. Finally, Plaintiff argues that even if the court finds that the ALJ assigned significant weight to Dr. Whisman's opinion, remand is required because "the ALJ's RFC

5

conflicts with [Dr. Whisman's] medical opinion [and] the ALJ must explain why the opinion was not adopted." Id. (citing SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)).

## B.   Discussion

As Plaintiff argues, an ALJ must evaluate every medical opinion and "discuss the weight he assigns to such opinions." Keyes-Zachery v. Astrue, 695 F.3d 1156, 1161 (10th Cir. 2012). Plaintiff claims the ALJ did not do so here, but the Commissioner claims the ALJ explicitly assigned significant weight to Dr. Whisman's opinion. The ALJ noted that Plaintiff "has reported no physical health problems and has no treatment sources." (R. 17). She recognized that Plaintiff was given a consultative psychological examination by Dr. Whisman, who provided a report of that examination which included results of a Wechsler Adult Intelligence Scale-Fourth Edition IQ test. Id. at 18. She summarized Dr. Whisman's report, including his opinions that Plaintiff "might have some problem with remembering instructions given orally," "was able to understand and remember instruction in simple tasks," was able to sustain concentration and persistence in simple tasks," and "[h]is maximum ability to interact socially and adapt to his environment would be within a socially restrictive environment." Id. Later in her decision, the ALJ discussed the opinion evidence, including Dr. Whisman's opinions, and that discussion is reproduced here in its entirety:

> The consultative examiner [(Dr. Whisman)] did not indicate that the claimant is disabled or seriously incapacitated. Significant weight is given to the State agency medical consultants, Gregory Sutton, Ph.D. and R. E. Schulman, Ph.D. finding the claimant had mild limitations in daily activities, mild limitations in social functioning, moderate limitations in

> concentration, persistence or pace with no evidence of decompensation (Exhibit 3A-4A, 7A-8A). This is consistent with a review of all the evidence including the consultative examination performed by Dr. Whisman (Exhibit 1F). This assessment is given significant weight.

(R. 18). In context, and considering the ALJ's earlier discussion of Dr. Whisman's opinion, the court understands the ALJ's rationale thus: 1. A non-treating source's opinion (Dr. Whisman's opinion) should generally be given greater weight than a non-examining source's opinion (Dr. Sutton's and Dr. Schulman's opinions). 2. And, Dr. Whisman did not opine that Plaintiff is disabled or otherwise incapacitated. 3. Dr. Sutton and Dr. Schulman are state agency consultants and as such are experts in the disability review process. 4. They reviewed Dr. Whisman's report when formulating their opinions. 5. They explained the bases for their opinions. 6. Their opinions are consistent with the record evidence. 7. Their opinions are given significant weight. 8. Their opinions are consistent with Dr. Whisman's opinion. 9. Dr. Whisman's opinion is also given significant weight. In this context, the court believes that the ALJ's use of "This assessment" refers to Dr. Whisman's report. The Commissioner appears to agree with at least the court's conclusion.

Plaintiff, on the other hand, argues that the ALJ's discussion of the opinions (quoted above) "centered on the state agency opinions," the first "this" in that discussion referred to <u>the state agency opinions</u> as being consistent with the record including Dr. Whisman's report, and therefore the second "this" should also be understood to refer to the state agency opinions--"This assessment is given significant weight." (Reply 1).

Plaintiff's understanding is at least a reasonable interpretation of the decision, even though it would have the ALJ explicitly according significant weight to the state agency opinion twice in the same paragraph. The court does not find it necessary to decide which interpretation is correct because even if it assumes that Plaintiff's interpretation is correct, it finds no error in the ALJ's evaluation.

The court assumes without deciding that the ALJ did not explicitly assign weight to Dr. Whisman's opinion. But it cannot be seriously argued that the ALJ did not consider Dr. Whisman's opinion. She devoted the better part of a page in her decision to discussion of that report and included in that discussion the very opinions which are the subject of Plaintiff's argument. She found that Dr. Whisman's report "indicated the claimant was capable of a range of simple work as noted above"--relying at least upon Dr. Whisman's opinions that Plaintiff was able to understand and remember instruction in simple tasks, and was able to sustain concentration and persistence in simple tasks. (R. 18). She specifically found that Dr. Whisner "did not indicate that the claimant is disabled or seriously incapacitated," and that the state agency opinion is consistent with Dr. Whisman's opinion. (R. 19). And, Plaintiff acknowledges that:

> [i]f the ALJ's RFC is "generally consistent" with the findings in an opinion, or if the RFC is "more favorable" to the claimant than the opinion's findings, then "there is no reason to believe that a further analysis or weighing of the opinion could advance the claimant's claim of disability."

Wilson v. Colvin, 541 F. App'x. 869, 871 (10th Cir. 2013) (quoting Keyes-Zachary v. Astrue, 695 F.3d 1156, 1162-1163 (10th Cir. 2012)) (brackets omitted). Plaintiff argues

that this principle does not apply here because "the ALJ's RFC is not consistent with Dr. Whisman's opinion." (Pl. Br. 6). The court disagrees.

Plaintiff points out that Dr. Whisman opined that Plaintiff's maximum remaining ability to understand and remember instructions would be in simple tasks, that his maximum remaining ability to sustain concentration and persistence would be adequate in simple tasks, and that his maximum remaining ability to interact socially and adapt to his environment would be within a socially restrictive environment. (Pl Br. 6) (citing R. 295). He notes the ALJ found Plaintiff capable of understanding and remembering intermediate visually presented instructions and simple oral instructions and of interacting with others when he understands the communication and expectations. Id. (citing R. 16). In both of these assertions Plaintiff is correct. He then asserts, without further explanation, that "[t]he ALJ's RFC differs from Dr. Whisman's consultative examination." Id. But, Plaintiff does not establish, and the court does not find, that the RFC is not at least generally consistent with Dr. Whisman's opinion.

To be sure, the ALJ did not parrot Dr. Whisman's language, but the court does not find any significant difference in the limitations opined and those assessed, and Plaintiff does not point to a difference in limitations which makes a difference in the decision. As the Commissioner points out, both Dr. Sutton and Dr. Schulman--medical experts, and experts in the Commissioner's disability evaluation process--reviewed and considered Dr. Whisman's report in formulating their opinions. (R. 46-47, 55, 67-68, 78-79). Indeed, Dr. Whisman's report was the only thing in the medical records when these psychologists

9

reviewed the record. ("Court Transcript Index," p.2, R. 291-98). Moreover, both of the state agency psychologists provided specific comments regarding Dr. Whisman's report. Both summaries of Dr. Whisman's report are identical:

> little difficulty understanding directions however, [sic] may have some problems with remembering instructions given orally. His maximum remaining ability to understand and remember instructions would be in simple tasks. The client's maximum ability to sustain CPP [(concentration, persistence, or pace)] is believed to be adequate in simple tasks . . . interact socially and adapt to his environment would be within a socially restricted environment.

(R. 55, 67-68). Each of Dr. Sutton and Dr. Schulman stated that he accorded Dr. Whisman's exam findings "great weight" and that his RFC assessment was consistent with Dr. Whisman's exam findings. (R. 58, 71). Each psychologist completed a Mental RFC assessment and explained the limitations he found therein. (R. 58-60, 71-73). With regard to Plaintiff's understanding and memory limitations, the consultants explained that Plaintiff "retains the capacity to understand and remember moderately detailed visually presented instructions and at least simple oral instructions." (R. 59, 71). They explained that regarding sustained concentration and persistence Plaintiff "retains the capacity to sustain cpp [(concentration, persistence, or pace)] for simple to [(Dr. Schulman inserted "some")] moderately detailed tasks." (R. 59, 72). They found that Plaintiff "retains the capacity to interact with others when he understands the communication and expectations," and "to adapt to less than complex work situations." (R. 60, 72, 73). Finally, in their "Findings of Fact and Analysis of Evidence," each psychologists stated that he had completed his Mental RFC in accordance with Dr. Whisman's Medical

10

Source Statement (MSS) "for simple tasks with restricted social environment." (R. 56, 70).

The ALJ in this case found that her RFC assessment was consistent with the opinions of all three psychologists, Dr. Whisman, Dr. Sutton, and Dr. Schulman, she accorded significant weight to the opinions of Dr. Sutton and Dr. Schulman, and she used language in her RFC assessment that Dr. Sutton and Dr. Schulman used in their opinions. Dr. Sutton and Dr. Schulman each stated that he had given great weight to Dr. Whisman's opinions and stated that his Mental RFC was completed in accordance with Dr. Whisman's Medical Source Statement for simple tasks with restricted social environment. And, each state agency psychologist explained his specific limitations with regard to understanding and memory, concentration and persistence, social interaction, and adaptation. Neither the ALJ, Plaintiff's counsel, nor this court are medical experts qualified to contradict the medical opinions of the state agency consultants when they assert that their RFC was completed in accordance with Dr. Whisman's opinion. Plaintiff does not point to record evidence or other admissible authority suggesting otherwise. The ALJ relied on this record evidence, and none of it suggests conflict between Dr. Whisman's opinion and the opinions of the other psychologists or the RFC assessed. The RFC assessed here is at least "generally consistent" with Dr. Whisman's opinions, and therefore further detailed analysis was not required. Plaintiff's apparent reliance upon the use of different words by Dr. Whisman and the ALJ is insufficient to overcome the record evidence. He has shown no error in the ALJ's evaluation of Dr. Whisman's opinions.

**III.    Difficulties in Maintaining, Concentration, Persistence, or Pace**

Plaintiff points out that in her application of the Commissioner's psychiatric review technique at step three of the evaluation process the ALJ found that Plaintiff has "moderate difficulties in maintaining concentration, persistence, and pace."[1]  (Pl. Br. 8) (citing R. 15).  He claims the ALJ erred because in her RFC she limited "only the complexity of the tasks, not [Mr.] Ashlock's ability to persist at the tasks."  (Pl. Br. 8).  This is so in Plaintiff's view because a limitation in concentration, persistence, or pace is not adequately expressed in an RFC which limits only skill level or to simple instructions.  Id. (citing Jaramillo v. Colvin, 576 F. App'x 870, 876 (10th Cir. 2014); Weiderholt v. Barnhart, 121 F. App'x 833, 839 (10th Cir. 2005); and Keel v. Colvin, No. 13-1458-SAC, 2015 WL 1034419, *4 (D. Kan. Mar. 10, 2015).  He argues that the ALJ should have included RFC limitations accounting for "his moderate difficulties in maintaining concentration, persistence or pace," and consequently erred in failing to "identify sufficient functional limitations."  (Pl. Br. 9) (citing Johnson v. Colvin, No. 13-1464-RDR, 2014 WL 4199291, *4 (D. Kan. Aug. 25, 2014).  In a footnote to her brief, the Commissioner cited to cases in which courts have rejected similar arguments to those

---

[1] The court notes that at the point in the decision cited by Plaintiff, the ALJ used the formulation "concentration, persistence or pace."  (R. 15) (underline added).  In fact, throughout her decision the ALJ consistently used that formulation.  (R. 15, 19).  Plaintiff, however appears to use the formulation "concentration, persistence, or pace" interchangeably with "concentration, persistence, and pace."  (Pl. Br. 1, 3, 5, 8-10) (underlines added).  The court finds no significant or discernable difference between the two formulations in the context of this case.

presented by Plaintiff, including a 2008 decision by Judge Robinson of this district and a decision from the Western District of Texas specifically declining to follow the reasoning of Weiderholt. (Comm'r Br. 6, n.2) (citing, among others, Dannels v. Astrue, No. 07-4122-JAR, 2008 WL 4191530, *17 (D. Kan. Sept. 11, 2008); and Prather v. Colvin, No. A-12-CV-1075-AWA, 2014 WL 4187124, *4 & n.2 (W.D. Tex. Aug. 21, 2014)). In his Reply Brief Plaintiff reiterates his argument in this regard and distinguishes the cases cited by the Commissioner. (Reply 4-5). He argues that even if the Fifth Circuit has rejected Weiderholt, the Commissioner "has offered no authority that the Tenth Circuit has also rejected the same reasoning." Id. at 5.

As the reader may have already guessed, the court's discussion above of the ALJ's evaluation of the medical opinions provides direction to its decision of this issue. All of the medical opinions in the record are consistent. The ALJ accorded significant weight to the state agency consultants' opinions and framed her mental RFC assessment and limitations in terms identical to those used by the state agency consultants. Plaintiff however, latches on to the ALJ's finding regarding one of the four broad mental functional areas used to determine the severity of a mental impairment when applying the psychiatric review technique at step two and step three of the evaluation process, and asserts that the RFC limitations assessed do not sufficiently account for the moderate limitations the ALJ found in the ability to maintain concentration, persistence, or pace at step three of the evaluation process. However, the four broad mental functional areas are designed to assist in determining at step two whether a claimant's mental impairments are

"severe" within the meaning of the Act, and at step three whether those mental impairments are so severe as to meet or equal the severity of a Listed mental impairment. 20 C.F.R. §§ 404.1520a(c & d), 416.920a(c & d).  Moreover, the ALJ specifically explained in her step three discussion that the "paragraph B" criteria she discussed (the four broad mental functional areas identified in 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3)) are not an RFC assessment, and that the RFC assessment at finding no. 5 in her decision reflects the degree of limitations she had found in evaluating the severity of Plaintiff's mental impairments at step two and at step three of the sequential evaluation process.  (R. 16).  Plaintiff argues that the ALJ found more severe limitations at step three than she found when assessing RFC, but as the ALJ explained a step three mental evaluation is not equivalent to an RFC assessment.  Plaintiff does not argue that the mental limitations included in the RFC assessed are not supported by the record evidence, and does not suggest other specific mental restrictions which are required by the record evidence but were ignored by the ALJ.  The cases cited in support of Plaintiff's argument relate to particular evidence of limitations which were ignored by the ALJ.  See, Jaramillo, 576 F. App'x at 873-75 (ignoring Dr. Mellon's moderate limitations); Wiederholt, 121 F. App'x at 839 (omitting limitations from the hypothetical questioning); Keel, 2015 WL 1034419 at *3-4 (ignoring the claimant's "difficulty in sustaining focus, attention and concentration sufficiently long enough to permit the timely and appropriate completion of tasks commonly found in work settings"); Johnson, 2014 WL 4199291 at *4 ("The ALJ made no specific findings as to plaintiff's [sic] ability to concentrate and

how it affected plaintiff's [sic] functional capacity."). Those cases are not applicable here because Plaintiff points to no RFC limitation or record evidence which was ignored by the ALJ. Plaintiff has shown no error in the Commissioner's decision.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 29th day of August 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum
United States District Judge**